**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **KELVIN MITCHELL,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.:** 2:20-cv-00252-MHT-SRW |
| | ) | |
| **TOWN OF HAYNEVILLE, ALABAMA,** | ) | |
| **&** | ) | |
| | ) | |
| **LULA TYSON-BAILEY,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **JUSTIN POUNCEY,** | ) | |
| | ) | |
| **& SHARON REEVES,** | ) | |
| **all of whom are sued in their individual** | ) | |
| **capacities, and** | ) | |
| | ) | |
| **CYNTHIA MCDONALD, in her** | ) | |
| **individual and official capacity as a member** | ) | |
| **of the town council for the Town of** | ) | |
| **Hayneville, AL, a municipal corporation,** | ) | |
| **Defendants.** | ) | |

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2020 APR 13 P 1: 8

APR 13 2020
RECEIVED

**COMPLAINT**

**COMES NOW** Plaintiff, Kelvin Mitchell, by and through his attorney of record, and for his complaint against Defendants Town of Hayneville, Alabama and Lula Tyson-Bailey, Justin Pouncey, and Sharon Reeves, in their individual capacities, and Cynthia McDonald, in her individual and official capacity as a member of the town council for the Town of Hayneville, Alabama, and hereby states as follows:

**NATURE OF THE CASE**

1.      This is an action for damages, declaratory and injunctive relief to redress deprivation

1

of rights secured by the Fair Labor Standards Act (FLSA), specifically Defendant's failure to compensate Plaintiff for overtime hours as required by the FLSA, 29 U.S.C. § 207.

2.     This is also an action for damages, declaratory and injunctive relief to redress deprivation of constitutional rights secured by 42 U.S.C. § 1983.

3.     This action is for damages resulting from a breach of contract claim under state law.

## JURISDICTION AND VENUE

4.     Jurisdiction over this action is conferred on this court by 28 U.S.C. § 1331, specifically 29 U.S.C. § 207 and 42 U.S.C. § 1983.

5.     The Plaintiff's claim arising under the laws of the State of Alabama are properly before this Court pursuant to 28 U.S.C. § 1367, supplemental jurisdiction.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b) since Defendant is situated in the Middle District of Alabama and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

7.     Plaintiff, Kelvin Mitchell (hereinafter "Chief Mitchell" or "Mitchell"), is over the age of 19 and a resident citizen of Butler County, Alabama.

8.     Defendant, Town of Hayneville, Alabama, is a municipal corporation organized and existing under the laws of the State of Alabama.

9.     Defendant Lula Tyson-Bailey (hereinafter "Defendant Bailey" or "Councilwoman Bailey") is over the age of 19 and a resident citizen of Lowndes County, Alabama.

10.    Defendant    Cynthia    McDonald    (hereinafter    "Defendant    McDonald"    or

2

"Councilwoman McDonald") is over the age of 19 and a resident citizen of Lowndes County, Alabama.

11. Defendant Justin Pouncey (hereinafter "Defendant Pouncey" or "Councilman Pouncey") is over the age of 19 and a resident citizen of Lowndes County, Alabama.

12. Defendant Sharon Reeves (hereinafter "Defendant Reeves" or "Councilwoman Reeves") is over the age of 19 and a resident citizen of Lowndes County, Alabama.

13. At all times relevant to this complaint, Lula Tyson-Bailey, Cynthia McDonald, Justin Pouncey, and Sharon Reeves were members of the Hayneville Town Council.

## STATEMENT OF FACTS

14. In June 2001, the Town of Hayneville hired Plaintiff, Kelvin Mitchell, as Special Agent for the Second Judicial Circuit Drug Task Force.

15. On October 11, 2004 the Town of Hayneville appointed Kelvin Mitchell as the Chief of Police for the Town of Hayneville.

16. Chief Mitchell was reappointed the Chief of Police by the Hayneville Town Council in 2008 and 2012.

17. In August 2016 the Town of Hayneville held its municipal election.

18. Chief Mitchell openly supported Carol Scrushy who was a candidate for city council.

19. On September 7, 2016, Carol Scrushy and Ricky Bell who were unsuccessful candidates for council seats in District A in the August 2016 municipal election filed suit against Roy Meadows, who won a council seat in District A in the August 2016

3

election. Scrushy and Bell claimed that Meadows was ineligible to run for office.

20. On or about September 13, 2016, the Circuit Court of Lowndes County, Alabama declared that Roy Meadows was not a qualified elector.

21. This created a vacancy on the town council as of September 13, 2016.

22. A series of events and litigation followed to resolve the dispute over the vacant council seat.

23. Prior to becoming a town councilman, on or about November 3, 2016, Justin Pouncey along with two other plaintiffs filed a lawsuit (45-CV-2016-000013) as residents of District A against the Town of Hayneville, requesting that the court order the Town of Hayneville to certify Lula Tyson-Bailey as duly elected to the council.

24. Neither Justin Pouncey nor any of the other two plaintiffs requested that the court certify Kim Payton as duly elected to the council despite her receiving the most votes in District A in the municipal election held in August 2016.

25. On or about January 5, 2017, the Circuit Court of Lowndes County, Alabama certified Lula Tyson-Bailey and Kim Payton as duly elected members of the town council.

26. On or about February 6, 2017, the Probate Judge of Lowndes County, Alabama set an election date for the council seat vacated by Roy Meadows.

27. The probate judge deemed Ricky Bell and Carol Scrushy the only candidates eligible to run for the vacant seat.

28. On or about March 10, 2017, Justin Pouncey filed a motion to enforce the court's

prior orders in 45-CV-2016-000013 in order to be able to qualify as a candidate for the vacant seat on the council.

29. On or about March 17, 2017, the Circuit Court of Lowndes County, Alabama issued an order declaring that the date for the election set by the probate judge violated municipal election rules and voiding the probate judge's order to the extent that it prohibited anyone other than Ricky Bell and Carol Scrushy to run for the vacant council seat.

30. Sometime between March 17, 2017 and May 23, 2017, Justin Pouncey qualified to run for the vacant seat on the town council.

31. The two candidates who qualified for the May 23, 2017 election were Carol Scrushy and Justin Pouncey.

32. On or about May 23, 2017, Hayneville held a municipal election for the vacant council seat.

33. Carol Scrushy gained more votes than Justin Pouncey in the election held on May 23, 2017.

34. On or about May 26, 2017, Justin Pouncey filed a second motion to enforce the court's orders claiming that the Town of Hayneville violated municipal election rules and that the May 23, 2017 election should be deemed illegal and void.

35. On or about July 7, 2017, the Circuit Court of Lowndes County, Alabama declared the May 23, 2017 election illegal and void and ordered the council to meet on July 10, 2017.

36. On July 10, 2017, Kim Payton, Lula Tyson-Bailey, Cynthia McDonald, Carol

Scrushy, and Sharon Reeves attended the meeting as council members.

37.  On or about July 25, 2017, Justin Pouncey filed a third motion to enforce the court's orders seeking to invalidate any action taken by the council because of Carol Scrushy's presence as a council member.

38.  Justin Pouncey, in his motion, accused Mayor David Daniel and Kim Payton of aiding the illegal participation of Carol Scrushy.

39.  In his July 25, 2017 motion, Justin Pouncey included a sworn affidavit from Lula Tyson-Bailey stating that Carol Scrushy's presence at the meeting disrupted the town's ability to conduct business.

40.  On or about August 14, 2017 Carol Scrushy and the Town of Hayneville, Alabama filed a Writ of Mandamus seeking to overturn the July 7, 2017 order issued by the Circuit Court of Lowndes County, Alabama.

41.  On or about December 7, 2017, Justin Pouncey filed an Amended Complaint seeking to have Kim Payton and Mayor David Daniel removed from office.

42.  On or about March 9, 2018, the Supreme Court of Alabama issued a ruling affirming the July 7, 2017 order issued by the Circuit Court of Lowndes County, Alabama.

43.  At all times relevant to this complaint, Mitchell supported Carol Scrushy as a candidate for the town council.

44.  At all times relevant to this complaint, Mitchell supported Kim Payton as a candidate for the town council.

45.  At all times relevant to this complaint, Mitchell supported David Daniel as the mayor of Hayneville.

46.   At all times relevant to this complaint, Councilwoman Bailey, Councilwoman McDonald, Councilman Pouncey, and Councilwoman Reeves knew that Mitchell supported Carol Scrushy.

47.   At all times relevant to this complaint, Councilwoman Bailey, Councilwoman McDonald, Councilman Pouncey, and Councilwoman Reeves knew that Mitchell supported Kim Payton.

48.   At all times relevant to this complaint, Councilwoman Bailey, Councilwoman McDonald, Councilman Pouncey, and Councilwoman Reeves knew that Mitchell supported Mayor David Daniel.

49.   The town council met and established a quorum for the first time since the August 2016 municipal election on March 21, 2018.

50.   At the March 21, 2018 meeting Mayor Daniel presented a proposed date to hold a special election to fill the vacant seat on the council.

51.   Councilwoman Bailey moved to appoint Justin Pouncey to the council, and Councilwoman Reeves seconded the motion.

52.   Councilwoman Bailey, Councilwoman Reeves, and Councilwoman McDonald voted in favor of a motion to appoint Justin Pouncey to the council. Councilwoman Kim Payton and Mayor David Daniel voted "no" on the motion.

53.   On April 18, 2018, Councilwoman Bailey, Councilwoman McDonald, Councilwoman Reeves and Councilman Pouncey appeared at a special called meeting.

54.   The town council voted to terminate Chief Mitchell.

55. Councilwoman Bailey, Councilwoman McDonald, Councilwoman Reeves and Councilman Pouncey each voted in favor of terminating Chief Mitchell.

56. The council did not afford Mitchell a pretermination hearing prior to April 18, 2018.

57. The Town did not conduct any inquiry or investigation to determine the veracity of any allegations against Mitchell prior to terminating Mitchell.

58. The Town had no legitimate reason to terminate Mitchell.

59. Councilwoman Bailey did not conduct any inquiry or investigation to determine the veracity of any allegations against Mitchell prior to voting to terminate Mitchell.

60. Councilwoman Bailey had no legitimate reason to vote to terminate Mitchell.

61. Councilwoman McDonald did not conduct any inquiry or investigation to determine the veracity of any allegations against Mitchell prior to voting to terminate Mitchell.

62. Councilwoman McDonald had no legitimate reason to vote to terminate Mitchell.

63. Councilman Pouncey did not conduct any inquiry or investigation to determine the veracity of any allegations against Mitchell prior to voting to terminate Mitchell.

64. Councilwoman Pouncey had no legitimate reason to vote to terminate Mitchell.

65. Councilwoman Reeves did not conduct any inquiry or investigation to determine the veracity of any allegations against Mitchell prior to voting to terminate Mitchell.

66. Councilwoman Reeves had no legitimate reason to vote to terminate Mitchell.

67. Chief Mitchell was present at the April 18, 2018 meeting and asked Councilwoman Bailey to provide a reason for his termination.

68. Councilwoman Bailey told Mitchell that she would let him know at the next council meeting.

69.  Chief Mitchell asked Councilwoman McDonald to provide a reason for his termination.

70.  Councilwoman McDonald told Mitchell that she would let him know at the next council meeting.

71.  Chief Mitchell asked Councilwoman Reeves to provide a reason for his termination.

72.  Councilwoman Reeves told Mitchell that she would let him know at the next council meeting.

73.  Chief Mitchell asked Councilman Pouncey to provide a reason for his termination.

74.  Councilman Pouncey told Mitchell that he would let him know at the next council meeting.

75.  On May 14, 2018, the Hayneville Town Council met at its regularly scheduled monthly meeting.

76.  Mitchell was present at the May 14, 2018 town council meeting.

77.  Mitchell addressed the council at the May 14, 2018 meeting and told the council that the council terminated him without providing him due process, which he was entitled to under the law.

78.  Mitchell also told the council that he would be pursuing a federal lawsuit concerning overtime hours that he accrued working on-call for which the town had not compensated him.

79.  At one point during the meeting on May 14, 2018, Councilwomen Bailey, McDonald, and Reeves walked out of the meeting.

80.  The council did not provide Mitchell with a reason for his termination at the meeting

on May 14, 2018.

81. After the meeting on May 14, 2018 adjourned, Councilwoman Reeves interviewed with a local news channel.

82. During the interview on May 14, 2018, Councilwoman Reeves stated that Chief Mitchell was being terminated because there were crimes happening in the county and Chief Michell failed to respond to 911 calls regarding those crimes.

83. Councilwoman Reeves had not conducted any inquiry or investigation into the allegations that Mitchell failed to respond to calls and failed to investigate crimes prior to making statements to the news media.

84. Councilwoman Reeves had no knowledge of the truth of the allegations that Mitchell failed to respond to calls or failed to investigate crimes prior to making statements to the news media.

85. The statements made by Councilwoman Reeves about Mitchell not responding to 911 calls were false.

86. Mitchell wrote a letter dated May 13, 2018 which he presented to the town council at the May 14, 2018 or June 11, 2018 town council meeting.

87. The letter stated that Mitchell requested compensation for the on-call hours he worked during his time as the Hayneville Police Chief.

88. On June 12, 2018, Hayneville Town Attorney, Michael Strickland ("Mr. Strickland"), sent a letter to the Alabama Municipal Insurance Company (AMIC) stating that Chief Mitchell was denied due process in his firing and no reason was provided for his termination.

89.  Mr. Strickland's letter also stated that Mitchell indicated an intention to file a lawsuit in federal court concerning his termination.

90.  Mr. Strickland's letter further stated that Mitchell presented a letter dated May 13, 2018 which raised a separate issue regarding his pay.

91.  Mr. Strickland specifically stated that he was putting AMIC on notice of Mitchell's claim.

92.  Mitchell did not receive compensation for employment from April 18, 2018 to July 2, 2018.

93.  Mitchell received a paycheck from the Town of Hayneville based upon leave hours that he had remaining.

94.  On or about June 25, 2018, Mitchell received a letter from Blue Cross Blue Shield stating that his insurance coverage would end as of July 1, 2018.

95.  On July 2, 2018, the town council voted to reinstate Chief Mitchell to administrative leave with pay.

96.  The council did not afford Mitchell a pretermination hearing prior to suspending him with pay on July 2, 2018.

97.  In June or July 2018, Mitchell received a paycheck in which no deductions were taken out for his retirement or his insurance.

98.  The town clerk contacted Mitchell and asked that he not cash the check and bring the check back because the town had voted to place him on administrative leave with pay.

99.  On November 13, 2018, the mayor sent Mitchell a letter providing six reasons why

the town was considering terminating him.

100. The Town did not conduct any inquiry or investigation to determine the veracity of any allegations against Mitchell prior to Mitchell's hearing.

101. Councilwoman Bailey did not conduct any inquiry or investigation prior to Mitchell's hearing to determine the veracity of any of the allegations against Mitchell.

102. Councilwoman McDonald did not conduct any inquiry or investigation prior to Mitchell's hearing to determine the veracity of any of the allegations against Mitchell.

103. Councilman Pouncey did not conduct any inquiry or investigation prior to Mitchell's hearing to determine the veracity of any of the allegations against Mitchell

104. Councilwoman Reeves did not conduct any inquiry or investigation prior to Mitchell's hearing to determine the veracity of any of the allegations against Mitchell.

105. The letter was wrought with allegations of reported crimes to which Mitchell allegedly did not respond with no dates indicating when these reported crimes occurred.

106. The letter was wrought with allegations that Mitchell failed to investigate crimes with no dates indicating when these crimes which he allegedly failed to investigate occurred.

107. Mitchell could not respond to some of the allegations in the letter because they were

so vague that he was not sure of the particular incidents to which the council was referring.

108. The letter stated that Mitchell had 10 days to request a hearing and that he had a right to be represented at the hearing if he requested one.

109. The letter also stated that if Mitchell requested a hearing that it would take place on November 26, 2018.

110. All of the allegations in the letter were false.

111. Mitchell requested a hearing within 10 days of the date of the letter.

112. The hearing originally set for November 26, 2018 was rescheduled to December 3, 2018.

113. On December 3, 2018, Mitchell appeared at the hearing with the undersigned counsel.

114. The town voted to go into executive session to conduct the hearing despite the undersigned counsel's objection that the hearing could not be held in executive session.

115. None of the town council members testified at the hearing.

116. The town presented no witnesses at the hearing.

117. The evidence presented by the council at the hearing consisted of four affidavits from four witnesses presented by the town's attorney.

118. One of the witnesses was standing outside of the town hall when the meeting was over.

119. Mitchell did not have the opportunity to cross examine either of the witnesses who

provided testimony via affidavit.

120. Mitchell presented evidence of police reports and court records of some of the calls to which the council accused him of not responding.

121. Mitchell presented evidence of police reports and court records for some of the crimes that the council accused him of not investigating.

122. At the conclusion of the hearing on December 3, 2018, the council stated that it would make a decision at its next regularly scheduled meeting.

123. There was no hearing officer present at the hearing on December 3, 2018.

124. The town council members and the mayor served as the decisionmakers in Mitchell's hearing on December 3, 2018.

125. The town council members were not neutral decision makers.

126. The mayor was not a neutral decision maker.

127. On or about December 10, 2018, the town voted on the status of Mitchell's employment.

128. Mayor David Daniel and Councilwoman Kim Payton voted against the motion to terminate Mitchell.

129. Councilwoman McDonald and Councilwoman Reeves voted in favor of the motion to terminate Mitchell.

130. Councilwoman Bailey abstained from voting on the motion to terminate Mitchell.

131. Councilman Pouncey was not present at the December 10, 2018 meeting.

132. There was no post termination proceeding after Mitchell's hearing.

133. The Town has never voted to reinstate Mitchell after suspending him in July 2018.

134.   Mitchell resumed working as the police chief on or about December 17, 2018.

135.   Defendant Town of Hayneville has an employee handbook.

136.   The employee handbook sets forth policies and procedures for progressive discipline and termination of employees.

137.   Kelvin Mitchell was employed with the Town of Hayneville before and after it issued the employee handbook.

138.   The Town of Hayneville did not follow policies and procedures set forth in its employee handbook when it terminated Mitchell on April 18, 2018.

139.   The Town of Hayneville did not follow policies and procedures set forth in its employee handbook when it suspended Mitchell on July 2, 2018.

140.   Mitchell complied with the terms of the employee handbook.

141.   For the vast majority of his employment with the Town of Hayneville, Mitchell has been on call and required to answer any calls that came in after hours.

142.   Mitchell has answered 911 calls while on call throughout his employment with the Town of Hayneville.

143.   The Town of Hayneville has never compensated Mitchell for the overtime hours he accrued while on-call.

144.   The Town of Hayneville, upon best information and belief, does not keep adequate records of the overtime hours accrued by Mitchell.

## COUNT I

### 29 U.S.C. § 207—Violation of the FLSA

## Against Defendant Town of Hayneville, Alabama

145. Plaintiff re-alleges and incorporates by reference all allegations contained in each paragraph above as if asserted herein.

146. From June 2001 to April 18, 2018 and from July 2, 2018 to the present Kelvin Mitchell was an employee of the Town of Hayneville, Alabama, an enterprise engaged in commerce or in the production of goods for commerce.

147. The Town of Hayneville, Alabama has failed to pay Kelvin Mitchell overtime pay required by the FLSA throughout his employment with the Town of Hayneville.

148. Throughout Mitchell's employment, the Town of Hayneville, Alabama required and permitted him to work more than 40 hours per work week.

149. Mitchell is a non-exempt employee under FLSA.

150. The Town of Hayneville, Alabama failed to compensate Mitchell for hours he worked over 40 hours per work week at a rate of at least one and one-half times his regular rate of pay.

151. The Town of Hayneville, Alabama was aware of the fact that it is legally required to comply with the overtime requirements under the FLSA.

152. Throughout Mitchell's employment, the Town of Hayneville, Alabama had knowledge of and acted willfully in regard to its conduct described above.

153. As a direct and proximate result of the Town of Hayneville, Alabama's unlawful conduct, Mitchell has suffered lost wages, in amounts to be proven at trial.

**WHEREFORE** Plaintiff demands judgment against the Town of Hayneville for compensatory damages, back pay, attorney's fees, interest, costs, reinstatement and/or front pay, and such further relief as the Court may award.

## COUNT II

**42 U.S.C. § 1983—Violation of Plaintiff's 14th Amendment Due Process Rights Against Defendant Town of Hayneville, Alabama and Lula Tyson-Bailey, Justin Pouncey, and Sharon Reeves, in their individual capacities, and Cynthia McDonald, in her individual and official capacity as a member of the Hayneville Town Council**

154.   Plaintiff re-alleges and incorporates by reference all allegations contained in each paragraph above as if asserted herein.

155.   Kelvin Mitchell had a protected property interest in his employment as Chief of Police.

156.   On April 18, 2018, Defendants terminated Mitchell without providing him procedural due process in that they did not provide him notice or an opportunity to be heard prior to terminating him.

157.   On or about July 2, 2018, Defendants suspended Mitchell without providing him procedural due process in that they did not provide him notice or an opportunity to be heard prior to suspending him.

158.   On or about December 3, 2018, Defendants held a due process hearing at which time they denied Mitchell procedural due process.

159.   At all times relevant to this complaint, Defendants Lula Tyson-Bailey, Cynthia

McDonald, Justin Pouncey, and Sharon Reeves acted under color of law.

160.   As a direct and proximate result of the Defendant's violations of the Plaintiff's due
process rights, Mitchell has suffered lost wages, compensation, and other benefits,
emotional distress, humiliation, and damage to his professional
reputation, in amounts to be proven at trial.

   **WHEREFORE** Plaintiff demands judgment against Defendants for compensatory
damages, back pay, attorney's fees, interest, costs, reinstatement and/or front pay, punitive
damages against all four town council members, and such further relief as the Court may
award.

## COUNT III

### 42 U.S.C. § 1983—First Amendment Retaliation

**Against Defendant Town of Hayneville, Alabama and Lula Tyson-Bailey, Justin
Pouncey, and Sharon Reeves, in their individual capacities, and Cynthia McDonald,
in her individual and official capacity as a member of the Hayneville Town Council**

161.   Plaintiff re-alleges and incorporates by reference all allegations contained in each
paragraph above as if asserted herein.

162.   Kelvin Mitchell engaged in protected political activity when he supported Kim
Payton and Carol Scrushy for town council and David Daniel for mayor.

163.   Defendants terminated Kelvin Mitchell on April 18, 2018.

164.   Defendants suspended Kelvin Mitchell on July 2, 2018.

165.   Kelvin Mitchell's protected political activity was a motivating factor in Defendants'
decision to terminate Kelvin Mitchell.

166. Kelvin Mitchell's protected political activity was a motivating factor in Defendants' decision to suspend Kelvin Mitchell.

167. Defendants' termination and suspension of Mitchell would likely deter a similarly situated reasonable person from engaging in similar protected political activity.

168. Defendants Lula Tyson-Bailey, Cynthia McDonald, Justin Pouncey, and Sharon Reeves acted under color of law.

169. As a direct and proximate result of the Defendant's violations of the Plaintiff's due process rights, Mitchell has suffered lost wages, compensation, and other benefits, emotional distress, humiliation, and damage to his professional reputation, in amounts to be proven at trial.

**WHEREFORE** Plaintiff demands judgment against Defendants for compensatory damages, back pay, attorney's fees, interest, costs, reinstatement and/or front pay, punitive damages against all four town council members, and such further relief as the Court may award.

### COUNT IV

### Breach of Contract

### Against Defendant Town of Hayneville, Alabama

170. Plaintiff re-alleges and incorporates by reference all allegations contained in each paragraph above as if asserted herein.

171. At all times relevant to this complaint, Defendant Town of Hayneville, Alabama had an employee handbook that set forth policies and procedures for progressive

discipline and termination of employees.

172. Kelvin Mitchell was employed with the Town of Hayneville before and after it issued the employee handbook.

173. The Town of Hayneville did not follow the policies and procedures set forth in its employee handbook when it terminated Mitchell on April 18, 2018.

174. The Town of Hayneville did not follow policies and procedures set forth in its employee handbook when it suspended Mitchell on July 2, 2018.

175. The Town of Hayneville breached its employment agreement with Kelvin Mitchell when it terminated him on April 18, 2018.

176. The Town of Hayneville breached its employment agreement with Kelvin Mitchell when it suspended him on July 2, 2018.

177. As a direct and proximate result of the Town of Hayneville's breach, Mitchell has suffered lost wages, emotional distress, humiliation, and damage to his professional reputation, in amounts to be proven at trial.

178. As a direct and proximate result of the Defendant's violations of the Plaintiff's due process rights, Mitchell has suffered lost wages, compensation, and other benefits, emotional distress, humiliation, and damage to his professional reputation, in amounts to be proven at trial.


**WHEREFORE** Plaintiff demands judgment against Defendants for compensatory damages, attorney's fees, interest, costs, and such further relief as the Court may award.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays the Court

award him the following relief:

1. Enter a judgment for the Plaintiff as to Defendants' liability and responsibility for Plaintiff's damages;

2. Lost wages, including lost fringe benefits, which resulted from the unlawful discrimination;

3. Compensatory and punitive damages, including mental and emotional distress, back pay and front pay;

4. Attorney's fees and costs;

5. Award Plaintiff such other and further relief as is just and proper; Plaintiff further demands a struck jury to try the issues raised in this matter.


ASHLEY N. SMITH (SMI312)
Attorney for Plaintiff


**OF COUNSEL:**

**MILLER SMITH, LLC**
445 Dexter Avenue, Suite 4050
Montgomery, Alabama 36104
Telephone No. (334) 625-6959
Facsimile No. (334) 513-8686
Email: ashley@millersmithllc.com