# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **KELVIN MITCHELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:20-cv-252-MHT |
| | ) (WO) |
| **TOWN OF HAYNEVILLE,** | ) |
| **ALABAMA, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on December 15, 2022, wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL</u>:

   Plaintiff:      Kelvin Mitchell

   Defendants:   Town of Hayneville
   Justin Pouncey, in his individual capacity
   Cynthia McDonald, in her individual capacity
   Sharon Reeves, in her individual capacity
   Lula Tyson-Bailey, in her individual capacity

   <u>TRIAL COUNSEL AND COUNSEL APPEARING AT PRETRIAL HEARING</u>:

   For Plaintiff:   Ashley N. Smith
   MILLER SMITH, LLC

   For Defendants:   Robbie Alexander Hyde
   ALEXANDER HYDE, LLC

2. <u>JURISDICTION AND VENUE</u>: Jurisdiction and venue are not contested. The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. Personal

1

Jurisdiction and Venue is proper in the Middle District of Alabama, Northern Division, because the claims are alleged to have occurred in Lowndes County, Alabama. In addition, the Defendant Town of Hayneville is located in Lowndes County, and Defendants Cynthia McDonald, Justin Pouncey, Sharon Reeves and Lula Tyson-Baily reside in Lowndes County, Alabama.

3. PLEADINGS: The following pleadings and amendments were allowed:

On April 13, 2020, Plaintiff filed his Complaint. (Doc. 1.) He then filed an Amended Complaint on May 5, 2020. (Doc. 8.) The Defendants filed a Motion for Partial Dismissal of Plaintiff's claims, and the Court granted their motion in part and denied it in part. (Doc. 30). Defendants filed an Answer to the remaining claims on January 11, 2021. (Doc. 34.) Defendants filed a Motion for Summary Judgment, with a supporting Brief and Evidentiary Submissions on May 25, 2022. (Docs. 44-47.) Plaintiff filed an Opposition brief and evidentiary submissions to the Defendants' Motion for Summary Judgment on June 13, 2022. (Docs. 51-52.) Defendants filed a Reply brief in response to Plaintiff's Opposition brief on July 7, 2022. (Doc. 54.) Defendants also filed a Motion to Strike Plaintiff's Supplemental Disclosures on July 7, 2022. (Doc. 55.) Plaintiff filed a Response in Opposition to the Motion to Strike on July 27, 2022. (Doc. 60.) Defendants filed a Reply to the Plaintiff's Response to their Motion to Strike on August 3, 2022. (Doc. 61.) Defendants' Motion for Summary Judgment and Motion to Strike have yet to be ruled upon by this Court.

4. CONTENTIONS OF THE PARTIES:

(a) The Plaintiff:

Plaintiff worked as Chief of Police for the Town of Hayneville from June 2001 to April 18, 2018 and again from July 2, 2018 to the present. The Hayneville Police Department is very small and typically has no more than

four to five officers employed at one time. As police chief, Plaintiff's job duties for the Town primarily consist of patrolling the community to prevent and detect crimes, investigating and solving crimes, pursuing, restraining, and apprehending suspects, interviewing witnesses to crimes, interrogating suspects, preparing incident offense reports to document crimes, and testifying in court on behalf of the Town. Plaintiff spends about 75 percent of his work time engaging in police work and about 25 percent of his work time on administrative and managerial tasks. Additionally, the overtime hours that Plaintiff works per week, he is the only officer on call once the last officer's shift ends and routinely responds to calls after his normal work schedule. The Town does not keep records of the hours Plaintiff works, nor does it track the hours that he is called out after his normal work schedule. As such, Plaintiff is entitled to recover lost wages totaling the difference between the amount Plaintiff should have been paid and the amount he was paid from the date of verdict to April 2017.

Plaintiff contends that he has been a municipal law enforcement officer at all times during his employment with the Town of Hayneville and had a property interest in his job pursuant to Alabama Code §11-43-230. Thus, Plaintiff was entitled to procedural due process pursuant to the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. The Town of Hayneville voted to terminate Plaintiff's employment on April 18, 2018. The Town terminated Plaintiff without affording him a due process

3

hearing. As such, the Town wrongfully terminated Plaintiff and violated his due process rights. Plaintiff is entitled to recover the leave hours that he used from April 18, 2018 to July 2, 2018.

Plaintiff engaged in constitutionally protected conduct when he engaged in political activity by openly supporting the candidacy of certain city council candidates as well as the mayor. Defendants Justin Pouncey, Sharon Reeves, Lula Tyson-Bailey, and Cynthia McDonald, as members of the Hayneville Town Council, terminated Plaintiff on April 18, 2018. Plaintiff's support for certain city council candidates and the mayor was a motivating factor in Defendants' decision to terminate Plaintiff.

(b) The Defendants:

**Basic Facts as to the Parties**

A.     Plaintiff, Kelvin Mitchell

Plaintiff was hired by the Town in 2001 as an agent for the Drug Task Force. He remained an agent until 2004 when he became the Town chief of police. As the chief, he is the highest ranking and paid law enforcement official in the Town. Because he is the highest-ranking law enforcement official, Plaintiff supervises all the subordinate officers. Additionally, Plaintiff is a salaried employee. As chief, Plaintiff conducts interviews and makes recommendations regarding hiring, keeps the council apprised of police department activities and needs, conducts monthly safety meetings and daily "roll call" meetings, prepares the police department work schedule, manages the subordinate officers and their equipment, and is responsible for the proper training and certification of subordinate officers.

4

B.  Town of Hayneville

The Town is governed by a mayor and a town council. There are a total of six members on the council including the mayor. Council members are elected by a vote of the Town citizens. There are two districts, A and B; two candidates are elected from District A and three candidates from District B. The council has the authority to hire or appoint and to terminate or not reappoint the Town's police chief. At all times relevant, the council consisted of Sharon Reeves, Lula Tyson-Bailey, Justin Pouncey, Cynthia McDonald, Kim Payton and Mayor David Daniel.

C.  Defendant Town Council Members Justin Pouncey

At this time, Justin Pouncey (hereinafter "Pouncey") is no longer a Town council member. Pouncey served as a Town council member from March 2018 to November 2020. Pouncey voted to terminate or otherwise not reappoint Plaintiff because of complaints from business owners and residents in the Town. Also, the Sheriff of Lowndes County had expressed his concern that he and his deputies were responding to calls in Hayneville and expending county resources on the Town's behalf. Pouncey was not aware of Plaintiff's political support of Kim Payton and Carol Scrushy running for town council and David Daniel running for mayor during the 2016 election.

D.  Defendant Town Council Member Sharon Reeves (hereinafter "Reeves")

Reeves served one term from November 2016 to November 2020 as a Town council member. Reeves voted to terminate or otherwise not reappoint Plaintiff because of complaints from business owners and residents in the Town. Also, Reeves had heard complaints from the Sheriff regarding him and his department

5

answering calls for the Town. Reeves was not aware of Plaintiff's political support of Kim Payton and Carol Scrushy running for town council and David Daniel running for mayor during the 2016 election.

E.  Defendant Town Council Member Cynthia McDonald

Cynthia McDonald (hereinafter "McDonald") took office as a Town council member in November 2016. McDonald did not serve the entire term; however, she was in office at all times relevant to Plaintiff's claims. McDonald voted to terminate or otherwise not reappoint Plaintiff because of her personal experience with Plaintiff's poor job performance. McDonald testified that on two separate occasions after observing that a break-in had occurred at the local barbershop and the local drugstore, she called the police department, and no one showed. McDonald was also made aware of complaints made by citizens through her fellow council members. McDonald was not aware of Plaintiff's political support of Kim Payton and Carol Scrushy running for town council and David Daniel running for mayor during the 2016 election.

F.  Defendant Town Council Member Lula Tyson-Bailey

Lula Tyson-Bailey (hereinafter "Tyson-Bailey") has served as a Town council member from 2010 to the present. Tyson-Bailey voted to terminate or otherwise not reappoint the Plaintiff because of her personal experience with Plaintiff's poor job performance and her knowledge of complaints made by citizens indicating Plaintiff's poor job performance. Tyson-Bailey testified that on one occasion she called the Plaintiff because people were driving down the road hanging out the window with guns in their hand pointing it at people and no one

responded to the call. On another occasion Tyson-Bailey called the Plaintiff because people were shooting at each other near her house and to her knowledge no one responded because she was never contacted by the Plaintiff in regard to the incident. During the December 10, 2018 Town council meeting Tyson-Bailey abstained from voting to terminate the Plaintiff. She testified that she abstained because the Plaintiff had shown compassion while "doing his job".

### Evidence Of Plaintiff's Poor Job Performance

The record is replete with evidence demonstrating the community's lack of faith in Plaintiff's job performance. Many business owners and workers expressed that they lacked confidence in Plaintiff because of his failure to timely investigate crimes and respond to calls prior to April 18, 2018. The Sheriff of Lowndes County even expressed his concern because the Sherriff's Office was having to respond to calls and expend funds that should be taken care of by the Town Police Department. Many of these complaints were later memorialized in affidavits and were discussed amongst the council members prior to their decision to terminate or otherwise not reappoint the Plaintiff on April 18, 2018. The Town also received several oral complaints from concerned citizens regarding Plaintiff's job performance. Additionally, many of the Town council members lost faith in Plaintiff's abilities as police chief because of their own personal experiences.

### Timeline Of Events

The Town's municipal election was held in August of 2016. Because of a delay in the finality of the 2016 election the Town council met and established a quorum for the first time on March 21, 2018. On April 18, 2018, the newly elected

Town council terminated Plaintiff's employment as police chief or otherwise decided that Plaintiff would not be reappointed as police chief to a new term. A municipal employee who is not reappointed has the same effect as a municipal officer being terminated. The Town appointed a new police chief soon after they chose not to reappoint the Plaintiff. Plaintiff was reinstated and placed on administrative leave with pay on July 2, 2018. On November 7, 2018, Plaintiff was sent notice that the Town was considering terminating his employment. The Notice Letter provided Plaintiff with the reasons the Town was considering his termination and gave him ten days to request a hearing. A hearing was held on December 3, 2018, where Plaintiff was represented by council and allowed to present testimony and evidence. While a motion was made to terminate Plaintiff's employment at a council meeting subsequent to that hearing, the motion did not carry, and he resumed work as the Chief of Police. Plaintiff never missed a paid check and remained covered by his health care insurance afforded him by the Town throughout the entirety of this process.

**Specific Defenses Addressed to Plaintiff's Claims**

<u>The Town of Hayneville is entitled to prevail, as a matter of law and on the facts, with respect to Plaintiff's Fair Labor Standards Act ("FLSA") overtime claim.</u> Any claim for overtime allegedly earned before April 13, 2018, is barred by the applicable statute of limitations. Plaintiff filed his initial Complaint on April 13, 2020, alleging claims for unpaid overtime for the time he has spent responding to calls after his "regular" hours. Plaintiff contends he has responded to calls for the

majority of his employment. Plaintiff started his employment as the Town chief of police in 2004.

The Hayneville Police Chief Plaintiff is an executive employee exempt from overtime pay. Plaintiff is a salary employee compensated more than $684 per week as the Town's police chief and as police chief Plaintiff directs the work of two or more employees. Furthermore, the Plaintiff not only conducts interviews of subordinate officers but also makes recommendations to the mayor on whom to hire. Plaintiff cannot recall a time in which the mayor did not take his recommendation. Thus, undisputedly Plaintiff's hiring recommendations are given "particular weight."

Plaintiff's primary value to the Town is his administrative and executive duties performed as the Town's police chief, and his work is directly related to the management and general business operations of the police department. Plaintiff also occupies an administratively exempt position. As police chief Plaintiff exercises independent judgment and discretion. the Plaintiff had numerous managerial responsibilities that were valued more by the Town than his collateral task of responding to calls. Like the police chief in Lee, Plaintiff (1) regularly attends council meetings and keeps the town council apprised of police department activities and needs; (2) is the highest-ranking law enforcement officer of the town and supervises all subordinate officers; (3) conducts monthly safety meetings and daily "roll call" meetings; (4) is responsible for preparing the schedule for the police department; (5) manages the subordinate officers and equipment; (6) and is responsible for the proper training and certification of the subordinate officers.

Additionally, Plaintiff has the authority to reprimand subordinate officers and accept their resignations on behalf of the Town. Furthermore, in comparing the Plaintiff's salary and the wages paid to other employees for the kind of non-management work performed by the Plaintiff, in the year 2020, Plaintiff was compensated more than double the subordinate officer's hourly rate.

The Town is exempt from the FLSA overtime provisions pursuant to 29 U.S.C. § 213(b)(20). According to the Plaintiff, the number of officers employed by the Town at any given time would be reflected by the payroll records. As illustrated by the payroll records, at no point during the relevant time period did the Hayneville Police Department employee more than four officers including the Plaintiff; therefore, the Town qualifies for the overtime exemption under § 213(b)(20) and Plaintiff cannot recover any overtime.

Plaintiff failed to satisfy his burden of producing sufficient evidence of his overtime claim. Finally, Plaintiff failed to establish willfulness to violate the FLSA on part of the Town.

<u>Defendants are entitled to prevail, as a matter of law and on the facts, as to Plaintiff's procedural due process claim.</u> Plaintiff has no constitutionally protected property interest in his position as a holdover official. The Town appointed a police chief soon after they chose not to reappoint the Plaintiff.

Additionally, de minimis injuries are not entitled to constitutional protection. Plaintiff's alleged property interest at stake is less than two months of his employment as a holdover official. As evidenced by the record a new police chief was appointed as of June 11, 2018; therefore, Plaintiff's right, if any, to retain

his position as police chief ended on that date. In addition, during this less than two-month period Plaintiff never missed a paycheck and, at no point, was he not covered by his health insurance maintained by the Town.

Finally, the process provided was constitutionally adequate. Only a minimal private interest was at stake. There was a minimal risk of erroneous deprivation. Substantial government interest existed. Plaintiff received a hearing on December 3, 2018, after receiving notice from the Town of his alleged poor performance. During the hearing Plaintiff was represented by counsel, presented with the allegations against him and was provided an opportunity to provide evidence to rebut the allegations. Later, a vote was taken to terminate Plaintiff's employment. However, that vote did not carry, and he resumed work as the police chief.

Defendants are entitled to prevail, as a matter of law and on the facts, as to Plaintiff's state law wrongful termination claim. Plaintiff's wrongful termination claim is factually predicated on the Town's alleged failures to provide a pre-disciplinary hearing under Ala. Code § 11-43-230. As the Court has acknowledged, "compensatory damages are not available in this case"; therefore, the affirmative defenses afforded the Town by Ala. Code § 11-47-190 and state-agent immunity under Alabama law will not be discussed. However, both would operate to bar Plaintiff's recovery of compensatory damages, if such damages were available in this case. since § 11-43-230 is not applicable to the Plaintiff, his wrongful termination claim fails as a matter of law. Alabama Code § 11-43-231 defines "law enforcement officer" for purposes of § 11-43-230. Specifically, the section provides:

11

> As used in this article, the term "law enforcement officer" shall mean an official who is certified by the Alabama Peace Officers' Standards and Training Commission who has authority to make arrests and who is employed by any municipality in the state as a permanent and regular employee with law enforcement duties, including police chiefs and deputy policy chiefs. The term does not include any person elected by popular vote, any person who is serving a probationary period of employment, or any person whose term of office has expired.

Ala. Code § 11-43-231 (emphasis added). As established, the Plaintiff's term as chief of police had expired, and he maintained his position as a holdover official; therefore, he does not fall within the definition of law enforcement officer and is not entitled to the protections of §11-43-230. In addition, Plaintiff was not entitled to a pre-disciplinary hearing under Ala. Code §11-43-230 because he was never terminated as envisioned by the statute. First, Plaintiff received pay throughout the relevant time period along with continued health insurance. Terminated employees do not receive continued pay from their employer. In addition, Plaintiff was reinstated retroactively to administrative leave still with pay. Next, by the end of the investigation Plaintiff was reinstated from administrative leave.

Because Plaintiff did not meet the requirements of state law to file a notice of claim, he cannot recover any damages, to the extent they are available. Alabama Code § 11-47-23 requires that all claims against municipalities for damages "growing out of torts shall be presented within six months from the accrual thereof or shall be barred." Plaintiff has put forth no evidence that he filed a notice of claim (and did not do so); therefore, Plaintiff cannot recover any monetary damages as to his wrongful termination claim.

<u>Defendants are entitled to prevail, as a matter of law and based on the facts, as to Plaintiff's First Amendment retaliation claim</u>. Plaintiff cannot establish that his First Amendment rights were violated. Plaintiff's political affiliation is not protected under the First Amendment because the Police Chief of the Town of Hayneville is a policymaking position. Plaintiff is the highest paid and highest-ranking law enforcement officer in the Town and is the head of the police department. As the highest-ranking officer, Plaintiff supervises subordinate officers, conducts monthly safety meetings, informs subordinate officers of recent events, and instructs subordinate officers of the needs for each day. Second, like the Ray plaintiff, as the head of his department, Plaintiff regularly attends town council meetings. At the meetings, Plaintiff makes presentations to the council concerning the activities and needs of the police department and concerning public safety in the Town. Occasionally, Plaintiff recommends changes to the Town's laws. Also, Plaintiff seeks grants on behalf of the police department and recommends to the council which grants to pursue. Additionally, like the Ray plaintiff, Plaintiff testified that he has direct involvement in how resources regarding his department should be expended. Plaintiff's policymaking authority is further highlighted by his significant involvement in the process of hiring new police officers. Generally, Plaintiff receives applications, conducts interviews, and makes hiring recommendations. Plaintiff also testified that he maintains a visible leadership role with the Town evidenced by the fact that he speaks on behalf of the Town at community events, represents the Town in court for most arrests made and cases prosecuted, and he responds to any complaints from citizens regarding his

department. Moreover, Plaintiff has considerable influence in crafting policies as evidenced by him setting the schedule for all officers including himself, requiring training above and beyond the state requirements for officers, writing up and counseling officers, and accepting resignations from officers on behalf of the Town. Even the Plaintiff himself, noted that one of the requirements of the job of police chief is for the Town council to trust whoever holds the position.

Plaintiff did not suffer an adverse employment action that would likely chill conduct protected under the First Amendment. Plaintiff cannot show causation because Plaintiff cannot establish that his alleged protected conduct was a substantial motivating factor. Plaintiff failed to create a genuine issue of material fact as to the Town council member's knowledge of his alleged political affiliation. Municipal liability cannot attach unless a majority of the Town Council members shared an illegal motive. Pretext is not supported by the evidence produced by the Plaintiff. Plaintiff cannot show causation because the record indisputably establishes that the Town council members were motivated by lawful considerations. As to Tyson-Bailey specifically, during the December 10, 2018, council meeting she abstained from voting to terminate Plaintiff, despite Plaintiff's contention she was aware of his political support of Scrushy. Tyson-Bailey testified she made this decision because of her experience with Plaintiff where "he was doing his job" and showed compassion to a family member. Plaintiff has not put forth any admissible evidence that Reeves, Pouncey, and McDonald were aware of Plaintiff's alleged political support. Plaintiff does contend he told Tyson-Bailey of his political support directly. However, because the decision to end Plaintiff's

employment would have carried without Tyson-Bailey's vote, Plaintiff cannot show that the employment decision taken by the Town council members was caused by his alleged political support. As to Tyson-Bailey specifically, during the December 10, 2018, council meeting she abstained from voting to terminate Plaintiff; despite, Plaintiff's contention she was aware of his political support of Scrushy. Tyson-Bailey testified she made this decision because of her experience with Plaintiff where "he was doing his job" and showed compassion to a family member. The record is replete with evidence of citizen complaints regarding Plaintiff's failure to properly respond to calls and timely investigate crimes and the loss of citizen confidence in Mitchell as the police chief. All the council members were aware of these complaints. Even the council members themselves had experienced Plaintiff's poor job performance firsthand.

The Town council members are entitled to qualified immunity as to Plaintiff's First Amendment retaliation claim. Plaintiff cannot produce any law clearly establishing that the Hayneville Police Chief is not a policymaking position. Lack of faith in the Plaintiff's job performance was a legitimate reason for the Town council member's decisions regarding the Plaintiff's employment. Plaintiff cannot produce any law clearly establishing that the Town council members' actions constituted an adverse employment action or that such actions would likely chill conduct protected under the First Amendment.

Plaintiff did not suffer any damages. Plaintiff has not put forth substantial evidence his Reputation was damaged or that he suffered emotional distress or mental anguish.

<u>Plaintiff cannot recover equitable relief.</u> Plaintiff has neither appropriately specified the equitable relief he seeks, nor has he named as Defendants the parties necessary for such relief. In Plaintiff's Responses to Defendants' First Set of Interrogatories and Requests for Production the Plaintiff responded as followed:

> Q: State with specificity any equitable relief you believe you are entitled to as the result of the alleged claims in this case.
> A: I would like the Town to begin documenting and keeping records of the calls that I receive outside my regular hours, and I would like the Town to begin compensating me for my overtime hours as required by the FLSA.

Also, Plaintiff's Amended Complaint does not specify any equitable relief Plaintiff seeks. As evidenced by Plaintiff's Amended Complaint and his response to interrogatory number two (2), he has not requested equitable relief nor has he put forth any evidence that he is entitled to equitable relief as to his remaining claims other than his FLSA claim; as a result, as matter of law Plaintiff, has waived any entitlement to any equitable relief as to these claims. Additionally, generally speaking, equitable relief against municipal officials is sought against the official in their official capacity.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

- The parties stipulate that the Town of Hayneville does not track Plaintiff's work hours.

- The parties stipulate that at no time relevant to this action has the Town of Hayneville employed more than four law enforcement officers.

***

16

**It is ORDERED that:**

(1) The jury selection and trial of this cause, which is to last four days, are set for February 6, 2023, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c)

17

addressing any evidentiary issues that may arise at trial) are required to be filed by January 25, 2023;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 36); and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 15th day of December, 2022.

                                      /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**