IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **KELVIN MITCHELL,**         ) | |
|                              ) | |
|     **Plaintiff,**           ) | |
|                              ) | CIVIL ACTION NO. |
|     **v.**                   ) | 2:20cv252-MHT |
|                              ) | (WO) |
| **TOWN OF HAYNEVILLE,**      ) | |
| **ALABAMA, et al.,**         ) | |
|                              ) | |
|     **Defendants.**          ) | |

**ORDER**

This matter comes before the court on defendants' joint motion to strike, *that is*, exclude, several of plaintiff's evidentiary submissions as untimely disclosed.* Motion to Strike (Doc. 55). Generally, the challenged evidentiary submissions pertain to the effectiveness of plaintiff in his role as chief of police

---

    *  Specifically, defendants seek exclusion of plaintiff's supplemental response to defendants' interrogatories (Doc. 52-4), non-party arrest records (Doc. 52-15; Doc. 52-16; Doc. 52-17), investigation reports (Doc. 52-18), and 911 dispatch calls (Doc. 52-19).

of Hayneville, Alabama.  For the following reasons, the motion will be denied.

Federal Rule of Civil Procedure 37(c)(1) states that, if a party fails to timely disclose information pursuant to Federal Rule of Civil Procedure 26, "the party is not allowed to use that information ... unless the failure was substantially justified or is harmless."  In evaluating whether to exclude untimely disclosed evidence, the court considers the "explanation for the failure to disclose [], the importance of the [evidence], and the prejudice to the opposing party" if the evidence is not excluded.  *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008).  The court's determination is reviewed for abuse of discretion.  *Id.* at 1313–1314.

Here, it is undisputed that plaintiff made two supplemental disclosures outside of the disclosure window but before discovery had closed.  Plaintiff argues that these late disclosures were either (1) substantially justified because the disclosures were made immediately after plaintiff acquired the evidence, or (2) harmless

2

because defendants had equal access to the evidence. Defendants contest both these points; however, defendants also assert that, "whether the [c]ourt grants [the] motion to strike or not," the import of their legal arguments are "ultimate[ly]" unaffected. Response to Mot. to Strike (Doc. 61) at 3.

Considering plaintiff's explanation for the untimely disclosures and the limited importance of the contested evidence, *see Romero*, 552 F.3d at 1321, the court concludes that the motion should be denied.

\*\*\*

Accordingly, it is ORDERED that defendants' motion to strike (Doc. 55) is denied.

DONE, this the 1st day of February, 2023.

                           /s/ Myron H. Thompson
                           UNITED STATES DISTRICT JUDGE